# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HOLLMAN GUANA,**

          **Plaintiff,**

**-vs-**                                             **Case No. 6:06-cv-41-Orl-28DAB**

**UNLIMITED BLESSING AUTO CENTER,
INC., MARIA M. MORALES,**

          **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT AS TO BOTH DEFENDANTS (Doc. No. 9-1)**
>
> **FILED:**     **May 8, 2006**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff sued Defendants for unpaid overtime wages, as well as attorney's fees and costs, pursuant to the Fair Labor Standards Act (29 U.S.C.A. § 201, *et seq.,* herein "the FLSA") and comparable state law. Doc. No. 1. Following service of process (Doc. Nos. 5, 6), Defendants failed to appear and Plaintiff moved for entry of a clerk's default. Doc. No. 7. A default was entered against both Defendants on February 13, 2006. Doc. No. 8. Plaintiff now moves for a default judgment for

wages owed, fees and costs incurred, and has filed supporting Affidavits (Doc. No. 9, Ex. A, B); the matter is now ripe for resolution.

The Court finds that Defendants' failure to timely respond to the Complaint and subsequent entry of default served to admit the well pled allegations of the Complaint. Plaintiff was employed by Defendant Unlimited Blessings Auto Center, Inc. and Defendants Maria M. Morales (statutory employers under the FLSA with operational control) from May 28, 2005 to September 28, 2005. Doc. No. 9-2 ¶ 1. During his employment, Plaintiff's regular rate of pay was $400 per week. *Id.* ¶ 3. Plaintiff worked one hundred sixty regular hours and forty overtime hours during the month of August 28, 2005 to September 28, 2005. *Id.* ¶ 4, 5. Defendants willfully failed to pay Plaintiff for 160 hours of regular work and 40 hours of overtime. *Id.* As Defendants have defaulted, the Court finds that Plaintiff is entitled to the entry of judgment on the issue of liability for regular wages of $984.00[1] and overtime wages in the amount of $309.20, and liquidated damages of an equal amount, for a total of $2,586.40.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). As the mandatory language of the Act says "in addition to any judgment," it is clear to this Court that a prevailing

---

[1] Calculated at the minimum wage rate of $6.15 per hour for 160 hour alleged.

plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery. This is in keeping with the legislative history of the Act, which reflects Congress' desire to protect workers and discourage unscrupulous employers."

Plaintiff seeks to recover $1,775 for attorney's fees and $300 for costs. Plaintiff's counsel, Charles Scalise, avers that he spent 7.1 hours of time prosecuting this matter, at an hourly rate of $250.00 per hour. Doc. No. 9-3 ¶ 4. Counsel has presented an itemized list of the services provide by him, and the time spent by him on the case appears reasonable for the tasks completed. *Id.* The Court finds $250.00 per hour to be a reasonable rate for this attorney work in this FLSA case. "Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness." *Farrar v. Hobby,* 506 U.S. 103, 115 (1992).

In view of all of the foregoing, it is **respectfully recommended** that final judgment be entered in Plaintiff's favor against Defendants Unlimited Blessing Auto Center, Inc. and Maria Morales, jointly and severally, in the amount of **$2,586.40** in damages, **$1,775** in attorney's fees, and **$300.00** in costs (filing fee and service of process charges).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 10, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy